IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| H&R BLOCK TAX SERVICES LLC, | |
| Plaintiff, | Case No. 12-1320-CV-W-FJG |
| v. | |
| LUTGARDO ACEVEDO-LÓPEZ, | |
| Defendant. | |

## DECLARATION OF PETER J. KLARFELD

1. My name is Peter J. Klarfeld, and I have acted as lead counsel for Plaintiff H&R Block Tax Services LLC ("Block") in this case. I make this declaration based on personal knowledge and in support of Block's submission as to the amount of the attorneys' fees, costs, and expenses that Block should be awarded.

2. I am an attorney licensed to practice law in Washington, D.C. and the Commonwealth of Virginia. I am a 1973 graduate of the University of Virginia School of Law.

3. I am a shareholder in the law firm of Gray, Plant, Mooty, Mooty & Bennett P.A. ("GPM"), a firm of approximately 170 attorneys with offices in Minneapolis and St. Cloud, Minnesota, and Washington, D.C. GPM specializes in, among other things, franchise law and litigation and represents a significant number of national franchisors.

4. I have specialized in counseling franchisors on issues relating to their franchising activities and representing them in their litigation with their franchisees for almost 35 years.

5. I have served on the Governing Committee of the American Bar Association's Forum on Franchising and was editor-in-chief of the 1992 and 2003 editions of "COVENANTS AGAINST

COMPETITION IN FRANCHISE AGREEMENTS," a 50-state survey of issues relating to the enforcement of covenants against competition in the franchise setting, published by the American Bar Association's Forum on Franchising.

6. Block is in the business of licensing others to operate tax return preparation offices using, among other things, Block's confidential client information in exchange for the payment of royalties. I have regularly counseled Block with respect to franchise law issues for more than 25 years.

7. In all of Block's franchise agreements, royalties are the primary consideration flowing to Block from the franchise relationship, and the franchisee must agree to a limited covenant against competition to protect against misappropriation of Block's goodwill and client information in the post-termination period.

8. Block is a party to franchise agreements governing the operation of over 4,300 franchised tax return preparation offices in the United States and Puerto Rico. The great majority of those agreements are in a form similar to the franchise agreement entered into by Defendant Lutgardo Acevedo-López that was at issue in this case.

9. I am familiar with the substantive and procedural issues that were involved in this case, the claims and counterclaims in the case, the course of the litigation, and the applicable ethical rules pertaining to client fees and charges. Based on that knowledge, I believe that all of the time, costs and expenses billed by GPM to Block in connection with this case have been reasonable.

10. I personally reviewed and considered the appropriateness of each invoice sent by GPM to Block in connection with this matter. When a draft invoice contained time, costs, or expenses that I did not consider reasonable in light of the work performed, I wrote-off that time. In addition, Block's in-house counsel reviewed each of those invoices and questioned any entries that

2

she viewed as potentially excessive. When she did so, I reviewed the issue with her, and we agreed on the appropriate charge.

11. During this litigation, GPM has billed Block monthly based on the time spent by GPM lawyers working on this matter during the previous month. That time, adjusted downward as I thought appropriate, was then multiplied by GPM's standard billing rates for the attorneys involved. There was no contingency aspect to GPM's billing in this matter. However, owing to the lengthy period that I have represented Block, Block received a discount off each invoice of 15% - 20%, depending on the aggregate volume of work that had been billed by the firm up to that point in Block's fiscal year. That discount was reflected at the end of each invoice. Thus, Block's effective billing rates for this matter were generally 15% - 20% below GPM's standard rates, which were shown on the bills. In addition, the fees charged for this matter were capped in certain months, thereby further lowering the effective billing rates for those months. Block has paid all of GPM's invoices submitted in connection with this case in a timely manner. All of GPM's invoices to Block for services performed in connection with this matter in 2012 and 2013 have been paid. Invoices for services performed in February 2014 and March 2014 have been submitted to Block and are awaiting completion of the review and payment process.

12. The total amount of attorneys' fees, costs, and expenses that have been billed by GPM to Block in connection with this case for services through March 31, 2014 is $506,123.96, representing $492,525.23 in fees and $13,598.73 in costs and expenses.

13. I believe that the effective billing rates (the rates after discounts) charged by GPM to Block in connection with this case were reasonable. Based on surveys conducted by PricewaterhouseCoopers of law firms in Washington, D.C. with a minimum of 51 attorneys and a maximum of 200 attorneys, the effective billing rates of GPM's attorneys and paralegals who

3

worked on this case have been less than or comparable to rates charged by other attorneys and paralegals working in Washington, D.C. with similar years of experience. Those surveys also indicate that the effective billing rates that GPM charged to Block in connection with this matter have been comparable to rates charged by other attorneys and paralegals with similar years of experience in Kansas City, Missouri. Attached as Exhibit 1 is a chart that compares billing rates compiled by PricewaterhouseCoopers with the effective billing rates charged by GPM in this case, using only the highest rate charged by GPM for each lawyer, *i.e.*, the highest standard rate reduced by the lowest discount (15%). For example, my own highest standard billing rate during this case has been $550/hour; reducing that rate by 15% results in an effective billing rate of $467.50/hour.

14. Because I was the lawyer on Block's litigation team most familiar with Block's franchise and related agreements, its systems of operation, the technology used and services provided by its franchisees, the dynamics of its franchise litigation generally, and the issues that would be involved in its enforcement of the covenants against competition involved in this case in particular, I was substantially involved in the drafting and revision of virtually all of the briefs filed by Block in this matter, both those filed in this Court and those filed in the United States Court of Appeals for the Eighth Circuit. I also presented Block's oral argument before the Court of Appeals, took the deposition of Defendant Lutgardo Acevedo-López in San Juan, Puerto Rico, and defended the deposition of Block's former Regional Director for Puerto Rico, Jose Adrian Escalona, in Orlando, Florida. I was also responsible, along with Block's in-house counsel, for determining Block's overall strategy in litigating the case.

15. During the pre-filing investigation of the background of the case and the 17 months that this case has been pending, I have personally billed 822.6 hours at an effective rate no higher than $468 per hour. My rate reflects over thirty-five years of experience specializing in counseling

4

franchisors on franchise law issues and representing them in litigation of their disputes with their franchisees, including more than twenty-five years advising Block and representing it in important franchise litigation.

16. Iris Figueroa Rosario is a shareholder at GPM. She is a 2001 graduate of the American University Washington College of Law. She specializes in civil litigation, with a focus on franchise litigation. Ms. Rosario handled e-discovery matters as they arose in this case (including preparation of an extensive privilege log), assisted in preparing motions, and provided her input on case strategy. She also spent considerable time reviewing documents produced by both sides, including a number of documents written in Spanish, in which she is fluent. She billed a total of 283.3 hours in connection with this case, at an effective billing rate no higher than $323 per hour, reflecting her thirteen years of practice.

17. Jeffrey L. Karlin is a shareholder at GPM. He is a 1989 graduate of the American University Washington College of Law. Mr. Karlin also specializes in civil litigation, with a focus on franchise litigation. Mr. Karlin assisted in the research and drafting of the briefs filed in connection with Block's interlocutory appeal in this case, as well as conducting research on specific additional issues. Mr. Karlin billed 74 hours in connection with this matter, at an effective billing rate no higher than $408 per hour, reflecting his over twenty-five years of practice.

18. Julia C. Colarusso is an associate at GPM and a 2010 graduate of the American University Washington College of Law. Ms. Colarusso assisted in the drafting of Block's memoranda in opposition to Acevedo's motions to dismiss and to transfer venue and also assisted in the preparation of Block's reply brief in support of its motion for summary judgment. She billed 89.2 hours in connection with this matter, at an effective billing rate no higher than $217 per hour.

19.     Certain other GPM associate attorneys also worked on discrete aspects of the case, primarily conducting legal research on specific matters. Maisa Jean Frank, a 2010 graduate of the University of Minnesota School of Law, billed 17.1 hours at an effective billing rate no higher than $230 per hour. Justin L. Sallis, a 2011 graduate of the George Washington University Law School, billed 56.3 hours at an effective billing rate no higher than $217 per hour. Karli Peterson, a 2013 graduate of William Mitchell College of Law, billed four hours on this matter at an effective billing rate no higher than $191 per hour.

20.     In addition, two paralegals billed time to the case. José Garcia billed 176.4 hours at an effective billing rate no higher than $157 per hour. Tracy N. Castillo billed 40 hours at an effective billing rate no higher than $136 per hour. Mr. Garcia and Ms. Castillo primarily assisted in finalizing and cite-checking briefs and preparing exhibits. Finally, Leanne D. Olson, a litigation support specialist, billed 1.2 hours at an effective billing rate no higher than $242 per hour. Ms. Olson assisted on Block's electronic document production in the case.

I certify under penalty of perjury that the foregoing is true and correct. Executed on this 30th day of April, 2014.

_____
Peter J. Klarfeld

6
Case 4:12-cv-01320-FJG   Document 116-1   Filed 04/30/14   Page 6 of 6