IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| H&R BLOCK TAX SERVICES LLC, ) | |
| ) | |
| Plaintiff, ) | Case No. 12-1320-CV-W-FJG |
| ) | |
| v. ) | |
| ) | |
| LUTGARDO ACEVEDO-LOPEZ, ) | |
| ) | |
| Defendant. ) | |

## DECLARATION OF DAVID M. KIGHT

1. My name is David M. Kight, and I have acted as local counsel for Plaintiff H&R Block Tax Services LLC ("Block") in this case. I make this declaration based on personal knowledge and in support of Block's submission as to the amount of attorneys' fees, costs, and expenses that it should be awarded.

2. I am an attorney licensed to practice law in the States of Missouri, Kansas, and Arkansas. I am a 1996 graduate of the University of Louisville-Louis D. Brandeis School of Law. I have litigated numerous cases before this Court and am familiar with its local rules, procedures, and practice.

3. I am currently a shareholder in the law firm of Jackson Lewis P.C. in Overland Park, Kansas. Before joining Jackson Lewis P.C. in February 2014, I was for many years a partner in the law firm of Spencer Fane Britt & Browne LLC ("Spencer Fane") in Kansas City, Missouri.

4. I was engaged to serve as local counsel for Block in this case in October 2012. I have had previous experience representing Block in franchise and employment litigation matters. In

addition, I was lead counsel for Block in the dispute leading to the 2010 settlement agreement between Block and Lutgardo Acevedo-López that was involved in this case.

5. I am familiar with the substantive and procedural issues that were involved in this case, the claims and counterclaims filed by both parties, the course of the litigation, and the applicable ethical rules pertaining to client fees and charges. Based on that knowledge, I believe that all of the time, costs, and expenses billed by Spencer Fane to Block in connection with this case were reasonable.

6. I personally reviewed each of the invoices for services performed by Spencer Fane lawyers in connection with this matter before it was submitted to Block. Block then reviewed those invoices and questioned any time entries that it viewed as potentially excessive. If there were any issues, I discussed them with Block's in-house counsel, and we agreed on the appropriate charge.

7. During this litigation, Spencer Fane billed Block monthly based on the time spent by its lawyers working on this matter during the previous month. Because of Spencer Fane's prior relationship with Block, Block received a discount off each bill and that discount was reflected at the end of each bill.

8. The total amount of the attorneys' fees, costs, and expenses that were billed to Block by Spencer Fane in connection with this case is $115,434.40, representing $111,890.13 in fees and $3,544.27 in costs and expenses.

9. The effective billing rates (after discounts) charged by Spencer Fane to Block in connection with this case were reasonable. Based on surveys conducted by Pricewaterhouse-Coopers, the effective billing rates of Spencer Fane attorneys and paralegals who worked on this case have been less than or comparable to rates charged by other attorneys and paralegals working in Kansas City, Missouri, with similar years of experience. Attached as Exhibit 1 is a chart that

compares billing rates compiled by PricewaterhouseCoopers with the effective billing rates charged by Spencer Fane, using only the highest rate charged by Spencer Fane for each lawyer, *i.e.*, the highest standard rate reduced by the lowest discount.

10. As local counsel, I reviewed and effected Block's filings with this Court and the United States Court of Appeals for the Eighth Circuit. I also provided advice and input on litigation strategy. In addition, I was responsible for all oral communication (both by personal appearance and by telephone) with this Court on behalf of Block, and for most communication on behalf of Block with Acevedo's local counsel. In that regard, I dealt with Acevedo's local counsel on a number of discovery issues and prepared several Golden Rule letters that addressed issues in connection with Acevedo's discovery responses and production of documents to Block. I personally billed 248.2 hours in connection with this matter while at Spencer Fane, at an effective rate of no higher than $335 per hour, reflecting an experience level of over eighteen years of practice.

11. Casey P. Murray is an associate at Spencer Fane and a 2005 graduate of the University of Kansas School of Law. Mr. Murray assisted in effecting Block's filings in this Court and provided research assistance on a number of issues. He billed 84.4 hours to this matter at an effective rate of no higher than $225 per hour.

12. Barry L. Pickens is a partner at Spencer Fane and a 1992 graduate of the University of Texas School of Law (Austin). He provided advice concerning Block's interlocutory appeal to the United States Court of Appeals for the Eighth Circuit and provided input with respect to Block's appellate briefs. He billed 70 hours at an effective rate of no higher than $375 per hour, reflecting twenty-two years of practice.

13. Certain other attorneys in the Spencer Fane law firm also worked on discrete aspects of the case.

14. Douglas M. Weems, a partner with the firm and a 1990 graduate of the University of Virginia School of Law, billed four hours of time at an effective rate of no higher than $315 per hour. He provided advice concerning Block's motion for a preliminary injunction.

15. Bryant T. Lamer, a partner with the firm and a 2000 graduate of the University of Michigan Law School, billed four hours of time at an effective rate of no higher than $315 per hour. He provided advice concerning contractual analysis.

16. Lucinda H. Luetkemeyer, an associate and 2011 graduate of the University of Missouri, billed approximately five hours of time at an effective rate of no higher than $225 per hour. She assisted in the filings made by Block with the United States Court of Appeals for the Eighth Circuit.

17. Brian Peterson, an associate and 2013 law school graduate of University of Texas School of Law (Austin), billed approximately five hours of time at an effective rate of no higher than $200 per hour. He provided assistance on issues associated with Block's motion for summary judgment.

18. Lara Pabst, an associate and a 2009 graduate of the University of Missouri-Kansas City School of Law, assisted me during the early stages of the litigation in filing the complaint and other papers with the Court. She billed approximately three hours on this case at an effective rate of no higher than $205.

19. Carlos Marin, an associate and 2013 law school graduate of Northwestern University School of Law, billed approximately one hour of time at an effective rate of no higher than $200 per hour. Mr. Marin provided some assistance in reviewing the report of Acevedo's expert witness, which was at first written in Spanish.

20. Lindsay Perkins, an associate and 2007 graduate of the University of Missouri-Kansas City School of law, billed less than an hour of time at an effective rate of no higher than $200 per hour. Ms. Perkins assisted me in connection with the filing of Block's appeal to the United States Court of Appeals for the Eighth Circuit

21. Further, two staff members at Spencer Fane, Judy Craig and Kathie Tatman, assisted us and worked 3.4 and 54.27 hours, respectively, on this case performing paralegal type work. They worked at an effective rate of no higher than of $140 and $150 per hour, respectively.

I certify under penalty of perjury that the foregoing is true and correct. Executed on this 30th day of April, 2014.

*/s/ David M. Kight*
David M. Kight

4828-7919-8490, v. 1