IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **H&R BLOCK TAX SERVICES LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ***v.*** ) | Case No. 4:12-cv-1320-FJG |
| ) | |
| **LUTGARDO ACEVEDO-LÓPEZ,** ) | |
| ) | |
| **Defendant.** ) | |

## JOINT REPORT TO THE COURT FROM THE PARTIES

Comes now, Plaintiff H&R Block Tax Services LLC ("Block") and Defendant Lutgardo Acevedo-Lopez ("Acevedo") and pursuant to this Court's Order (Doc. 145) directing a status report from the parties and state as follows:

### *Plaintiff's Report*

More than five months ago, in its Orders of March 5, 2014 (Doc. 105 at 24), and March 20, 2014 (Doc. 113 at 3), the Court directed Acevedo to deliver to Block paper and electronic client records maintained by Acevedo's formerly franchised tax return preparation business, all of which belong to Block. After granting Acevedo a number of extensions of time to comply, the Court, in its Order of July 2, 2014 (Doc. 135), cautioned Acevedo that "[f]urther medical or legal issues will not be considered an excuse for non-compliance." Nonetheless, none of Block's client records were delivered to Block until late August 2014.

#### *Status of Delivery of Block's Electronic Client Records*

On August 20, 2014, persons acting on behalf of Acevedo delivered to Block a hard-drive (which had previously been supplied by Block to Acevedo's counsel for that purpose) containing electronic client records belonging to Block. Of the seven years of electronic records that Block was

expecting to receive (*i.e.*, data covering tax years 2007 - 2013), only one year's data (that for tax year 2013) was included. Moreover, the software license under which that data was compiled, which Block had specifically requested on numerous occasions and which is necessary to allow Block to fully utilize the data, was not provided.

Block thereupon demanded that it be given its electronic data for tax years 2007 - 2012, and the corresponding software licenses for those years, as well as the software license for the 2013 data. Counsel for Acevedo requested that Block refrain from seeking the intervention of the Court until August 29, 2014, in order to give her an opportunity to determine whether additional electronic data and the licenses could be delivered.

On August 27, 2014, counsel for Acevedo advised counsel for Block by email that members of Acevedo's family had agreed to provide her with an "access code" which could be used to obtain the software license number that would allow Block to fully utilize the 2013 tax year data. However, Block has thus far received neither the "access code" nor the software license number. Thus, as of the date of this Report, Block still does not have the access to its 2013 electronic data that is necessary to efficiently serve its clients in Puerto Rico during the new tax season that will begin in just a few months.

Also on August 27, 2014, counsel for Acevedo advised counsel for Block by email that Block's electronic client data for tax year 2012 had been "defragmented" and that Acevedo's family "no longer have that data."[1] On August 28, 2014, counsel for Acevedo advised counsel for Block in a telephone call that all of Block's electronic data for tax years 2007 - 2011 had also been "defragmented" and that Block's data for those years also no longer existed. This was the first time

---

[1] "Defragmentation," as Block has previously understood the term, does not destroy or compromise the integrity or the retrievability of electronic data, and Block has asked Acevedo's counsel for clarification of her statement. No clarification has thus far been provided.

during this litigation that Acevedo had disclosed that any of Block's electronic data had been lost or destroyed.

In her email of August 27, 2014, Acevedo's counsel also finally agreed to give Block direct access to Acevedo's business computers in order to allow Block itself to download any of its information that still remains on the computers and to delete that information before the hardware is sold to third parties. Block requested that it be given access to the computers on September 4 or September 5, 2014, but neither date was made available. As of the date of this Report, Block has still not obtained direct access to the computers.

*Status of Delivery of Block's Paper Client Records*

Also on August 20, 2014, Acevedo made available for pick-up by Block more than 300 plastic bags filled with Block's paper client tax records and more than 100 additional boxes of its records. The material was made available in a storage shed, without air-conditioning, in Aguadilla, Puerto Rico. The bags and boxes, which presumably included seven years of paper records, were in no order that Block could discern, more than 50 of the bags and boxes contained no external indication of their contents, and more than 40 of the boxes simply contained loose paper.

\* \* \*

Block understands that no further steps on behalf of Acevedo to comply with the Court's prior Orders are contemplated. Thus, after more than five months of requests for delays and assurances of compliance on behalf of Acevedo, what Block has received is one year of electronic records without the software license necessary to render the data useable and hundreds of bags and boxes of paper records made available in a manner that appears calculated to frustrate their organization and future use by Block. Moreover, Block is now advised that seven years of its electronic client records, recovery of which was one of the principal purposes of instituting this litigation, have supposedly been destroyed.

There has been no question of what was required for Acevedo to comply with the Court's Orders. For example, in the Joint Status Report submitted by the parties on July 11, 2014 (Doc. 138), Block expressly stated its understanding that Acevedo had committed to deliver the following:

> [a]ll client-related records, including both paper records and electronically stored information, generated by Defendant's tax return preparation business from the time it was franchised in 2007 through April 30, 2014. With respect to electronically stored information, Plaintiff understands that Defendant will also deliver all software, software licenses and any other information necessary to access the data.

Moreover, Block repeatedly advised Acevedo's counsel that it was critical that Block's voluminous paper records be made available to it organized and identified as they had been kept in the normal course of business.[2] Moreover, in an email of August 16, 2014, responding to a request sent to the Court by Block for a telephone conference to discuss Block's concerns regarding its ability to obtain all of its records in a timely and organized fashion, counsel for Acevedo stated that Acevedo's representatives would be "giving everything the best way possible."[3] Instead, what Block received was one year of electronic data that is unusable because of the absence of the corresponding software license and voluminous paper records delivered in total disarray, rendering them unusable for any purpose without extraordinary effort and expense by Block to sort through and organize them.

Finally, Block has received no formal assurance that Acevedo has not retained copies of Block's electronic and paper client records. Block's legitimate concern, particularly with respect to the electronic tax return data that Acevedo has had in his possession, is that copies of that data will

---

[2] Attached to this Report as Exhibit A, for example, is a string of emails between counsel for the parties extending from late July 2014 until August 18, 2014 (two days before Block's records were made available for pick-up) in which Block's counsel repeatedly emphasized the importance of Block's paper client records being delivered in an organized fashion.

[3] Acevedo's counsel's email of August 16, 2014, was copied to the Court when it was sent. For convenience, a copy of the email is attached as Exhibit B to this Report.

be used by members of Acevedo's organization to compete unfairly against Block and its franchisees in Puerto Rico during the upcoming tax season. To make matters worse, Block will not have access to that same information because what Acevedo has delivered is incomplete and unusable.

It can be expected that Acevedo's counsel will respond that Acevedo is in prison awaiting sentencing, having now pled guilty to conspiracy and bribery of a judicial officer in Puerto Rico, and that he therefore he could not fully comply with this Court's Orders. But the Court's Orders were entered well before Acevedo checked himself into a Florida rehabilitation center at the end of April or was arrested in May. *See* Doc. 135 at 2, n. 1. And as pointed out in the Court's Order of July 2, 2014, the fact that he was incarcerated was not a reprieve from his obligation to arrange for compliance with this Court's Orders. If he could direct his organization to produce one year of electronic data, he could have directed the production of seven years of data (before it was supposedly destroyed) along with the necessary software licenses, particularly when Block had offered to send its own technician to Acevedo's offices to download the data. Doc. 140. And if his organization could be told to make Block's paper files available for pick-up, Acevedo could have directed that those files be made available to Block organized and labeled so as to be useable, particularly when Block was prepared (and offered) to go to Acevedo's offices and pack and remove those records itself.

Contempt sanctions may be less effective when directed toward a defendant who is already in prison and who has already been held liable to Block for over $1.3 million.[4] Nonetheless, both Block's right to recover its property and the purpose of the Court's Orders have been frustrated, and further enforcement of the Court's Orders is warranted.

---

[4] Although summary judgment was granted for Block in that amount, a final Judgment in this case has not yet been docketed in light of Block's pending motion for attorneys' fees.

### *Defendant's Report*

On August 20, 2014, Plaintiff received from Defendant all paper client tax records in Defendant's custody. On a disk provided by Plaintiff, Defendant copied all 2013 client electronic files and returned that disk to Plaintiff on August 20, 2014. Defendant does not have electronic records for the years 2007-2012; Defendant believes that Block's agent Adrian Escalona previously received electronic copies of the records for those years. Defendant has provided all paper and electronic records to Plaintiff in compliance with the Court's order.

Respectfully submitted,

Dated: September 9, 2014

/s/ David M. Kight
David M. Kight (Missouri Bar #52260)
JACKSON LEWIS P.C.
7101 College Boulevard, Suite 1150|
Overland Park, KS 66120
Telephone: (913) 982-5757
Facsimile: (913) 981-1019
Email: David.Kight@jacksonlewis.com

Peter J. Klarfeld (Pro Hac Vice)
Iris Figueroa Rosario (Pro Hac Vice) GRAY,
PLANT, MOOTY, MOOTY
&  BENNETT, P.A.
600 New Hampshire Avenue, NW
Suite 700, The Watergate
Washington, D.C. 20037
Telephone: (202) 295-2200
Facsimile: (202) 295-2250
Email: peter.klarfeld@gpmlaw.com
iris.rosario@gpmlaw.com

*Counsel for Plaintiff*
*H&R BLOCK TAX SERVICES LLC*

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing document was filed electronically with the above-captioned court with copies sent via e-mail system to the counsel below on September 9, 2014.

John J. Miller, Esq.
SWANSON MIDGLEY, LLC
4600 Madison - Suite 1100
Kansas City, Missouri 64112
Email: jmiller@swansonmidgley.com
Counsel for Defendant

Maria E. López Adams, Esq.
GONZALEZ LÓPEZ & LÓPEZ
  ADAMS LAW FIRM
1126 Ashford Avenue - Suite C-10
San Juan, Puerto Rico 00907
Email: lopmarie@aol.com
Counsel for Defendant

Dated: September 9, 2014

 /s/ David M. Kight

4820-5228-4702, v.  1