IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **H&R BLOCK TAX SERVICES LLC,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| *v.* | )<br>) Case No. 4:12-cv-1320-FJG<br>) |
| **LUTGARDO ACEVEDO-LÓPEZ,** | )<br>)<br>) |
| Defendant. | )<br>) |

### SUPPLEMENTAL STATUS REPORT
### OF PLAINTIFF H&R BLOCK TAX SERVICES LLC

In the Joint Report submitted by the parties to the Court on September 9, 2014, Plaintiff H&R Block Tax Services LLC ("Block") described to the Court what Block viewed as a manifest failure by Acevedo to comply substantially or in good faith with the Court's Orders to deliver to Block its paper and electronic client records. Doc. 146. However, at page 3 of that Report, Block advised the Court that counsel for Acevedo had recently stated to counsel for Block in an email that Block would finally be given direct access to Acevedo's business computers in order to download whatever electronic client data remained on them and to ensure the deletion of that data before the computers were sold to third parties.[1]

Following a request by Block that it be allowed to access the computers on September 4 or 5, 2014, that was not accommodated, Block was awaiting word from Acevedo's counsel of the date on which access would be allowed. By email sent to Block's counsel this

---

[1] As detailed in the Joint Report, Acevedo's counsel had previously advised Block that all of its electronic data for tax years 2007 - 2012 had been lost or destroyed, and the only data that Block could expect to find on the computers at this point was for tax year 2013.

morning (September 12, 2014), Acevedo's counsel has advised Block that whatever data had remained on Acevedo's computers has now supposedly been erased and the computers have been sold to third parties by members of Acevedo's family.

The 2013 electronic data that has now supposedly been erased, like the electronic data from 2007 - 2012 that was supposedly lost or destroyed previously, was Block's property, as this Court has held, not Acevedo's property to do with as he pleased. Moreover, Acevedo and all those in active concert or participation with him were under an injunction requiring delivery of that property to Block. Block can think of no reasonable justification for this final affront to Block's rights and to the Court's Orders.

Respectfully submitted,

Dated: September 12, 2014

/s/ David M. Kight
David M. Kight (Missouri Bar #52260)
JACKSON LEWIS P.C.
7101 College Boulevard, Suite 1150|
Overland Park, KS 66120
Telephone: (913) 982-5757
Facsimile: (913) 981-1019
Email: David.Kight@jacksonlewis.com

Peter J. Klarfeld (Pro Hac Vice)
Iris Figueroa Rosario (Pro Hac Vice)
GRAY, PLANT, MOOTY, MOOTY
    & BENNETT, P.A.
600 New Hampshire Avenue, NW
Suite 700, The Watergate
Washington, D.C. 20037
Telephone: (202) 295-2200
Facsimile: (202) 295-2250
Email:peter.klarfeld@gpmlaw.com
        iris.rosario@gpmlaw.com

*Counsel for Plaintiff*
*H&R BLOCK TAX SERVICES LLC*

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing document was filed electronically with the above-captioned court with copies sent via e-mail system to the counsel below on September 12, 2014.

| | |
|---|---|
| John J. Miller, Esq.<br>SWANSON MIDGLEY, LLC<br>4600 Madison - Suite 1100<br>Kansas City, Missouri 64112<br>Email: jmiller@swansonmidgley.com<br>Counsel for Defendant | Maria E. López Adams, Esq.<br>GONZALEZ LÓPEZ & LÓPEZ<br>  ADAMS LAW FIRM<br>1126 Ashford Avenue - Suite C-10<br>San Juan, Puerto Rico 00907<br>Email: lopmarie@aol.com<br>Counsel for Defendant |
| Dated: September 12, 2014 | /s/ David M. Kight |

4812-4967-0174, v. 1