# UNITED STATES DISTRICT COURT
for the
Western District of Missouri

| | | |
|---|---|---|
| H&R BLOCK TAX SERVICES LLC, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 4:12-1320-FJG |
| LUTGARDO ACEVEDO-LÓPEZ | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Carolina Acevedo-López
Infinity Tax Advisors, 2012 Ave. Albizu Campos, Aguadilla, P.R. 00603
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Fortuño & Fortuño Fas, C.S.P., Suite 602 Tres Rios Building, Gonzalez Giuisti Ave. #27 Guaynabo, Puerto Rico 00968 | Date and Time: 10/15/2014 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/3/14

CLERK OF COURT

_____   OR   *[signature]*
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
H&R Block Tax Services LLC                                    , who issues or requests this subpoena, are:
Iris Figueroa Rosario, Esq. - Gray, Plant, Mooty, Mooty & Bennett, P.A.
600 New Hampshire Avenue, The Watergate, Northwest, Suite 700, Washington, DC 20037 - Iris.Rosario@gpmlaw.com - (202) 295-2200

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:12-1320-FJG

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Carolina Acevedo Lopez
on *(date)* 10/16/2014.

☒ I served the subpoena by delivering a copy to the named person as follows: Carolina Acevedo Lopez
ru 107 road 109, Bo. Borinquen, Aguadilla, Puerto Rico
on *(date)* 10/17/2014 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 20/oct./2014

_____
Server's signature

Pedro Calderón Gonzálz
Printed name and title

Terrazos de Capey J36 29
Trujillo Alto, PR 00976
Server's address

Additional information regarding attempted service, etc.:

CERTIFICACIÓN ENTREGA DE DOCUMENTO

Yo, Pedro Calderón Gonzalez, mayor de edad, Soltero y residente de Trujillo Alto, Puerto Rico, bajo pena de perjurio declaro que lo siguiente es correcto y verdadero:

1. Que mis circunstancias personales son las antes expresadas.

2. Que se me confió la tarea de entregar la Orden dictada el 20 de marzo de 2014 por el Juez Scott O. Wright, Juez del Tribunal de Distrito Federal para el Distrito Oeste de Missouri, en el Caso Núm. 12-1320, *H.R. Block Tax Services, L.L.C. vs. Lutgardo Acevedo López*, y el "Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a civil action" relacionado al Caso Núm. 12-1320, *H.R. Block Tax Services, L.L.C. vs. Lutgardo Acevedo López*, a Carolina Acevedo-López y a todos los empleados de Infinity Tax Advisors localizado en Aguadilla, Puerto Rico.

3. Certifico que el 17 de Octubre de 2014 a las 10:30 (a.m./p.m), entregué personalmente el documento antes descrito a Carolina Acevedo López, Propietaria de Infinity Tax Advisors, en la siguiente dirección: CaRR. #107 k.9, Bo. Borinquen, Aguadilla.

En Aguadilla, Puerto Rico hoy 20 de Octubre de 2014.

_____
Firma

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Attachment A

In accordance with Rule 45 of the Federal Rules of Civil Procedure, this Attachment A to the subpoena *duces tecum* identifies the documents that you are required to produce to H&R Block Tax Services LLC. Section I of this Attachment A is a list of definitions to guide you in producing the required documents. Section II is a list of the documents that you are required to produce.

### Section I: Definitions

A. The term "document" includes, without limitation, the complete original, any true, correct, and complete copy, any non-identical copy, and all drafts, regardless of origin or location, of all emails, text messages, communications through blogs and/or social media sites (including Facebook, Instagram, LinkedIn, Google Plus, Pinterest and MySpace, letters, complaints, contracts, agreements, memoranda, notes, correspondence, reports, charts, graphs, records, tape recordings, videotapes, invoices, receipts, books, periodicals, pamphlets, memoranda, journals, ledgers, sales verification records, notebooks, telegrams, minutes, computer printouts, data sheet, data processing cards, computerized records, business cards, intracorporate communications, emails, photographs, lists, and all other written, recorded, transcribed, taped, filmed, punched, entered matter, however produced or reproduced, of which you or Infinity Tax Advisors have possession, custody, or control. "Document" includes all data, text, or information stored in a computer, computer disk, CD-ROM, or other location.

B. The terms "you" and "your" refer to Carolina Acevedo-Lopez and/or any other person involved in the formation or operation of Infinity Tax Advisors, and anyone acting on their behalf.

C.  The terms "relate to," "relating to," "referring to," "with respect to," or "concerning" include any document referring to, concerning, consisting of, or otherwise connected with the subject described.

D.  "Communication" and/or "Communicated" means the direct or indirect transmittal of information (in the form of facts, ideas, person-to-person conversation, inquiries, or otherwise) by any means, including but not limited to, any meeting, conversation, letter, discussion, conference, correspondence, electronic messages (e-mail), text message, or other written or oral transmission, exchange or transfer of information in any form between two or more persons, including by telephone, facsimile, telegraph, telex, written memoranda, or face-to-face communications.

E.  "Lutgardo Acevedo-López" means the Lutgardo Acevedo-López who is a defendant in this action and any person acting on his behalf or business entity under his control, and includes all present and former employees and representatives of such business entity.

F.  "Infinity Tax Advisors" means the tax return preparation business doing business in Puerto Rico under that service mark and all founders, employees and representatives of that business.

G.  Should you claim a privilege as to the production of any documents or other materials, please provide the date, author, subject matter, and the identity of each party receiving a copy of each document withheld. In addition, please indicate the grounds upon which any claim of privilege rests.

-2-

## Section II: Documents Requested

1. All documents generated since January 1, 2012 relating to your involvement in any tax return preparation business operated by Lutgardo Acevedo-Lopez.

2. All tax return preparation client lists and records in your or Infinity Tax Advisors' s possession, custody or control.

3. All documents relating to direct or indirect communications between you or Infinity Tax Advisors and Lutgardo Acevedo-Lopez relating to the operation of Infinity Tax Advisors or any other tax return preparation business during the 2015 tax season.

4. All documents relating to the formation or incorporation of Infinity Tax Advisors, including, without limitation, organizational documents, corporate minutes, by-laws, and other documents sufficient to show all of its owners and officers, and the purpose of that business.

5. All documents relating to who will benefit financially from the operation of Infinity Tax Advisors, including, without limitation, any agreements as to the distribution of its profits.

6. All documents relating to the addresses at which Infinity Tax Advisors conducts or has considered conducting business in the Commonwealth of Puerto Rico, including, without limitation, all documents relating to Infinity Tax Advisors's right to occupy those premises.

7. All documents relating to the telephone numbers used by Infinity Tax Advisors, including, without limitation, all documents relating to its right to use those telephone numbers.

8. All documents relating to the office space(s) used by Infinity Tax Advisors, including, without limitation, all documents relating to Infinity Tax Advisors's leases or other right to occupy those premises.

9. All documents relating to the decision to establish Infinity Tax Advisors, including, without limitation, all documents relating to communications between any persons relating to that subject.

10. All documents relating to acquisition by Infinity Tax Advisors of the equipment used or to be used in its business, including, without limitation, the computers it will use in its business.

11. All documents relating to communications between any person involved in the formation or operation of Infinity Tax Advisors and Walmart or K-Mart concerning the possible operation of tax return preparation businesses in any Walmart or K-Mart in Puerto Rico during the 2015 tax season.

12. All documents relating to the past or planned advertising or marketing of Infinity Tax Advisors.

13. All lists or records of potential clients in your or Infinity Tax Advisors's possession, custody or control.

14. All documents relating to communications between Infinity Tax Advisors and any potential tax return preparation clients.

15. Documents sufficient to show the names, addresses, and positions with Infinity Tax Advisors of all employees or representations of Infinity Tax Advisors.

16. Documents sufficient to identify each employee or representative of Infinity Tax Advisors who was previously employed by Lutgardo Acevedo-López at any time since January 1, 2012.

GP:3784257 v2